WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emilio Molina Fragoso, | No. CV-13-0159-TUC-LCK |
| Petitioner, | **ORDER** |
| v. | |
| Clarence Dupnik, et al., | |
| Respondents. | |

Petitioner Emilio Fragoso has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court are the Petition (Doc. 1), Respondents' Answer (Doc. 11), Petitioner's Reply and Supplement (Docs. 17, 18), Respondents' Answer to the Supplement (Doc. 19) and Petitioner's Reply thereto (Doc 20). The parties have consented to Magistrate Judge jurisdiction.[1] (Doc. 15.)

## FACTUAL AND PROCEDURAL BACKGROUND

Fragoso was convicted in the Pima County Justice Court on two counts of driving under the influence. (Doc. 11, Ex. H.) On June 23, 2009, he was sentenced to 10 days in jail (9 suspended) and one year probation. (*Id.*, Ex. J.) Fragoso's sentence was stayed while he pursued review of his conviction in state court and again after he filed the instant Petition. (*Id.*, Ex. I at 6; Exs. AA, BB.)

Fragoso appealed his convictions and the fines imposed. (*Id.*, Ex. M.) The Superior Court affirmed Fragoso's convictions and sentence. After oral argument,

---

[1] This case was reassigned to the current judge on May 10, 2016. (Doc. 22.)

Fragoso's motion for rehearing was denied. (*Id.*, Ex. R.) The Court of Appeals declined jurisdiction over Fragoso's Petition for Special Action. (*Id.*, Exs. S, V.) Fragoso filed a Petition for Review with the Arizona Supreme Court, which was denied. (*Id.*, Exs. W, X.)

## DISCUSSION

Fragoso raises one claim in his Petition, that his blood was seized in violation of the Fourth Amendment. On appeal, the Superior Court summarized the facts relevant to the claim before this Court as follows:

> The Appellant came to the attention of law enforcement when his overturned vehicle was discovered in the median on State Route 86. One of the investigating officers, Officer Perrin, made contact with the Appellant after the Appellant had been removed from his vehicle and placed in the back of an ambulance. Officer Perrin smelled a moderate odor of intoxicants coming from the Appellant. Officer Perrin followed the ambulance containing the Appellant to University Medical Center. A sample of the Appellant's blood had been drawn for medical purposes. Officer Perrin requested and obtained a sample from this blood draw.

(Doc. 11, Ex. P at 1.) Respondents contend the claim is procedurally defaulted and is barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976).

**Exhaustion**

Principles of Exhaustion and Procedural Default

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found

by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

Analysis

In his appeal to the Superior Court, Fragoso argued that there was no probable cause for the police to obtain a blood sample under Arizona's medical draw statute; therefore, the trial court should have granted his motion to suppress. (Doc. 11, Ex. M at 3.) Neither in his opening memorandum nor supplemental memorandum, did Fragoso mention the Fourth Amendment. (*Id.*, Exs. M, O.) He also did not mention any federal law at oral argument. (Doc. 18-1.) Therefore, Fragoso failed to fairly present this Fourth Amendment claim. Fragoso's arguments, addressed below, do not alter this conclusion.

Fragoso argued that he exhausted the claim by citing the Fourth Amendment in his motion to suppress before the trial court. But, he failed to cite the federal constitution when raising the claim on appeal to the Superior Court, which is what was required. *See Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2004) (holding appellate court not required to review trial court pleadings to identify constitutional claim) (citing *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004)). Fragoso also argues that "'probable cause' is explicitly a Fourth Amendment/federal constitutional principle." (Doc. 17 at 2.) However, it is not enough that the federal constitutional ramifications of a claim are "self-evident," the petitioner must actually cite the relevant constitutional guarantee. *See*

*Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (general appeal to the federal constitutional right to a fair trial did not fairly present a due process claim).

Finally, Fragoso argues that the state cases he cited in his brief discuss federal constitutional principles and cite to cases that apply a Fourth Amendment analysis. Citation to state cases analyzing the relevant federal constitutional issue can be sufficient to fairly present a claim to the state court. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). Fragoso's appellate brief framed this claim as whether there was sufficient evidence for an officer to find probable cause of DUI to obtain blood under Arizona's medical draw statute, A.R.S. § 28-1388(E). (Doc. 11, Ex. M.) He cited the following legal principles:

> Probable cause must be decided on its own facts and on a case-by-case basis. <u>State v. Marquez</u>, 135 Ariz. 316, 318, 660 P.2d 1243, 1245 (App. 1983). The evidence must lead an officer to believe that guilt is more than a "mere possibility." *State v. Emery*, 131 Ariz. 493, 506, 642 P.2d 838, 851 (1982).

(*Id.* at 4.) *Marquez* makes no mention of the Fourth Amendment in its discussion of probable cause to arrest nor does it cite to any federal case law. 135 Ariz. 316, 660 P.2d 1243. In *Emery*, the court cites several federal cases for the principle that probable cause is based on probabilities, but then states, "In Arizona, probable cause has been defined as . . ." 131 Ariz. 493, 505-06, 642 P.2d 838, 850-51. The Fourth Amendment is mentioned once for the requirement that sufficient evidence of probable cause must be presented to obtain a warrant. *Id.* at 506, 642 P.2d at 851. Here, there was no question of a warrant, but rather whether there was probable cause for a warrantless blood draw under an Arizona statute. Because *Emery* discusses both federal and state issues, and Fragoso failed to provide any signal in his appellate brief that he was citing it for federal principles, the Fourth Amendment claim was not fairly presented. *See Casey v. Moore*, 386 F.3d 896, 912 n.13 (9th Cir. 2004); *Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014). Further, citation to *Emery*, which cites cases that conduct the relevant constitutional analysis is too remote to satisfy fair presentation. *See Casey*, 386 F.3d at

- 4 -

911 n.12 (finding that appellate judges are not required to "read[ ] all cases that are cited in the cases on which a petitioner relies, and instead the burden must be on the petitioner to be explicit in asserting a federal constitutional right.").

In sum, Fragoso failed to fairly present this Fourth Amendment claim to the state court. If he were to return to state court now to litigate this claim it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). This claim is technically exhausted but procedurally defaulted.

Fragoso has not argued cause and prejudice to excuse the default or that there will be a fundamental miscarriage of justice if this claim is not considered on the merits.

### *Stone v. Powell*

Even if not defaulted, this Fourth Amendment claim is not subject to review by this Court. In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial." Pursuant to *Stone*, a prerequisite for consideration of Fragoso's Fourth Amendment claim is the denial of the chance to fully and fairly litigate the claim in state court.

Before trial, Fragoso filed a Motion to Suppress the blood test results. (Doc. 11, Ex. C.) The trial court held a hearing at which the parties had an opportunity to present evidence. (*Id.*, Ex. E.) The court found probable cause for the blood draw and denied the motion to suppress. (*Id.*, Ex. F.) Fragoso raised the issue on appeal and filed a supplemental memorandum. (*Id.*, Exs. M, O.) In his appeal opening memorandum and at oral argument on his appeal, Fragoso stated there was no factual dispute and the issue was purely legal. (*Id.*, Ex. M at 3; Doc. 18-1 at 4.) In a three-page opinion, the Superior Court affirmed the justice court ruling. (*Id.*, Ex. P.) After holding oral argument, the court denied Fragoso's motion for rehearing. (*Id.*, Ex. R.) Review of the state court proceedings

demonstrates that not only did Fragoso have an opportunity to fully litigate this claim, he did so. *See Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005) (finding full and fair opportunity when court held a pre-trial hearing where defendant could present evidence and it made a factual finding, and decision was reviewed on appeal).

Fragoso argues he did not receive a full and fair review of his claim on appeal because the court ignored relevant case law and denied the motion for rehearing in one sentence. This Court looks at whether the opportunity for a full hearing was provided but does not examine whether the state court's decision was legally correct. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). In other words, inquiry into the quality of the state courts' ruling is not warranted under *Stone* if the state's procedures for deciding the question were fair. *See Tisnado v. United States*, 547 F.2d 452, 455 n.2 (9th Cir. 1976); *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981) (finding that federal court may not re-litigate a Fourth Amendment claim even if it disagrees with the state court's resolution); *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986) (declining to examine whether trial court made express findings of fact). Further, the one sentence denial of rehearing was issued after an initial three-page decision.

Fragoso's citation to the out-of-circuit case, *Gamble v. Oklahoma*, is inapposite because in that case the court found the petitioner did not have a full and fair opportunity to litigate his claim because the state courts ignored governing constitutional law directly on point.[2] 583 F.2d 1161, 1164-65 (10th Cir. 1978). Here, the Fourth Amendment claim was not directly raised to the state court and the law the state courts are alleged to have ignored was non-controlling state law from Florida and Colorado. (Doc. 18-1.)

---

[2] Fragoso also relies upon a test for "full and fair" litigation as set forth in *Cabrera v. Hinsley*, 324 F.3d 527, 531 (7th Cir. 2003). The court cited that test as the circuit's "traditional formulation" for a full and fair opportunity to litigate; however, the court then stated the test was no longer viable in light of more recent circuit decisions. *Id.* Therefore, this Court does not evaluate Fragoso's claim based on this out-of-circuit case that is no longer good law.

The Court finds Fragoso had a full and fair opportunity to litigate this claim in state court; therefore, the Court cannot consider the merits of the claim.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists would not find this Court's procedural rulings debatable. Therefore, a COA will not issue.

Accordingly, **IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 23rd day of June, 2016.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge

- 7 -